503 P.2d 1210

STATE of Utah, Plaintiff and Appellant,

v.

Roy S. LUDLOW, Defendant and Respondent.

No. 12981.

Supreme Court of Utah.

Dec. 1, 1972.

Ellett, J., concurred in result.

———◆———

Vernon B. Romney, Atty. Gen., William T. Evans, Asst. Atty. Gen., Carl J. Nemelka, Salt Lake County Atty., Donald Sawaya, Larry R. Keller, Asst. County Attys., Salt Lake City, for plaintiff and appellant.

Paul N. Cotro-Manes, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from a judgment quashing an information. Affirmed.

The State says that Ludlow obstructed an officer in performing his duty.[1] This was based on a refusal to bring a female employee out of the factory so that a deputy sheriff could serve her with a Small Claims Court order. At preliminary examination it was unrefuted that Ludlow had no ob-jection to the service during the various work breaks, including coffee, but not during working hours, where boat manufacture work involved dangers if work were impeded. Words flew between the deputy and the employer which prevented the dove of peace from lighting on either's shoulders, where there remained but chips. Each may have suffered hurt feelings.

The briefs said a lot about the Fourth and Fourteenth Amendments, favorite topics at the bridge club, local taverns and the Supreme Court, all about searches and seizures, cabbages and kings and the like which fashion the American scene,—but it appears that the deputy here unduly pressed his prestige with its attendant duty and authority, considering that it could have been displayed at the lunch hour, at a coffee break, or a rest period in such fashion that its eminence would not have been canvassed in this court.

The distinctions indulged in the briefs about statutory and common law, dwellings, and curtilages, searches and seizures, Fourth and Fourteenth Amendments and the like need not decide this case. We know of no rule and don't intend to initiate one, where immediacy, necessity, threatened flight or anything else that might interrupt normal business activities, where another avenue for serving process is available,

1. Title 76–28–54, Utah Code Annotated 1953.

would compel an employer to "produce" his employee as the state claims he must, to satisfy the arbitrary and self-determined approach chosen by the process server to serve his own convenience. Such a rule might subject an employer to a false arrest confrontation if he dragged his employee through an assemblage of co-workers into the front office to face not only a lawman's badge but the humiliation arising by innuendo incident thereto pointing to some kind of wrong-doing. We do not think such a situation comports with the mores of a give and take democracy.

We believe and hold that under the circumstances of this particular case the trial court did not err. Without being unduly philosophical, we might suggest that had tempers not flared, this case would not have been here. We are not constrained to use the facts of this case to render a declaratory judgment in what appears to be a test case which perhaps is travelling along the wrong track. We think Ludlow may have been a mite more cooperative, and the deputy a smidgeon less insistent, but they weren't, and who isn't these days,—and we think that neither had any wrongful intent, —but simply played the role of umpire and fan at the ball game of usuality.

CALLISTER, C. J., and TUCKETT and CROCKETT, JJ., concur.

ELLETT, J., concurs in the result.